UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELENE TONIQUE LAURANT MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF EDUCATION, *et al.*, )<br>)<br>Defendants. ) | Civil Action No.  22-1203 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on review of this *pro se* plaintiff's application to proceed *in forma pauperis* and her civil complaint "file[d] . . . to press charges against the defendants . . . for violating [her] civil rights of education," by failing to acknowledge her formal legal name and by denying her a degree.  Compl. at 1.  The Court will grant plaintiff's application and, for the reasons stated below, will dismiss the complaint.

First, to the extent plaintiff demands that defendants be prosecuted criminally, the complaint fails to state a claim upon which relief can be granted.  No plaintiff may initiate criminal proceedings by filing a complaint with this Court. "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012).  This Court has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case, *see Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted), because the decision to prosecute or not, and for what offense, rests with the government, *see, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

Second, given the dearth of factual allegations, the complaint fails to meet the minimum pleading standard set forth in Federal Rule of Civil Procedure 8. Plaintiff's complaint lacks a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). For example, plaintiff faults defendants for refusing to use her proper legal name, yet fails to allege facts linking their transgression to an actual harm or viable legal claim. As drafted, the complaint does not give fair notice to the defendants of the claims being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint and this civil action without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

DATE: January 25, 2023

/s/
CHRISTOPHER R. COOPER
United States District Judge